Appeal of **CLEVELAND SNOW-CHURCH CO.**       Docket No. 169.

> This corporate taxpayer is a personal service corporation as defined by section 200 of the Revenue Act of 1918.

Submitted December 4, 1924; decided December 23, 1924.

*Marc J. Grossman, Esq.*, for the taxpayer.

*John A. Adams, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LANSDON, LITTLETON, and SMITH.

From the oral testimony presented and the exhibits filed as a part of the record, the Board makes the following

### FINDINGS OF FACT.

1. The Cleveland Snow-Church Co., Cleveland, Ohio, was incorporated in 1891 under the laws of the State of Ohio.

2. Louis J. Grossman, the principal shareholder and president of the Cleveland Snow-Church Co., from the date of its incorporation down to and throughout the year 1918, was an attorney engaged in the practice of law and in the collection of delinquent accounts as a part of such law practice.

3. The Cleveland Snow-Church Co. was incorporated with an authorized capital of $10,000, and began operation with a paid-in capital of $1,000. No additional capital has ever been paid and the outstanding stock, during the year 1918, was owned as follows:

|  | Per cent. |
| --- | --- |
| Louis J. Grossman | 51 |
| Nathan Loeser | 10 |
| Irwin Loeser | 10 |
| Harry Pott | 10 |
| Marc J. Grossman | 19 |

4. The taxpayer filed an income tax return as a personal service corporation for the calendar year 1918.

5. The Commissioner disallowed the claim of the taxpayer to personal service corporation classification; found that its net income for

the year 1918 was $5,048.68, and, on August 30, 1924, mailed a deficiency letter to it proposing the assessment of income and excess profits taxes upon said income of $906.69.

6. An appeal from the determination of the Commissioner was filed with this Board on September 11, 1924.

7. Louis J. Grossman caused the taxpayer corporation to be incorporated for the purpose of segregating his business of collecting delinquent accounts from his professional practice as an attorney, but always regarded the taxpayer as a mere department of his law office, and its operations as a branch of his law practice.

8. The taxpayer conducted its operations in the offices of Louis J. Grossman, and all of its officers and employees were a part of the personnel of the law office of the said Louis J. Grossman.

9. Irwin Loeser, as an attorney, devoted practically all of his time, and Harry Pott, as office manager, devoted all of his time to the business of the taxpayer. Irwin Loeser and Harry Pott each owned 10 per cent of the issued capital stock of the taxpayer.

10. Louis J. Grossman, Marc J. Grossman, and Nathan Loeser, continuously and regularly devoted a substantial portion of their time to the affairs of the taxpayer, directing and supervising its operations and acting as counsel for it in many actions at law tried in the courts of Cuyahoga County, Ohio, and the services of each contributed materially to the income of the taxpayer.

11. Irwin Loeser received a nominal salary from the taxpayer, but relied largely on dividends from his stock for payment for his services. Harry Pott received a salary of $3,000 per year in addition to dividends, and devoted his entire time to the corporation.

12. Louis J. Grossman, Marc J. Grossman, and Nathan Loeser received no salaries, but relied entirely on the dividends from their stock as payment for their services to the taxpayer.

13. The employees of the taxpayer, who were not stockholders, performed only clerical and administrative duties, were paid stated salaries from the gross earnings and had no interest in the profits of the taxpayer.

14. The total paid-in capital of the taxpayer was $1,000, and, at all times, more than that amount was invested in office equipment, stationery, and other nonincome producing fixed assets. The taxpayer used no funds in its business other than the current receipts and advances made by the law office of Louis J. Grossman. It had no use for credit, and never used any borrowed capital.

15. The entire income of the taxpayer resulted from fees and commissions paid by its clients in exchange for personal services incident to the collection of delinquent accounts which were deducted from the amounts collected directly or charged against the accounts of clients when the payments were made by remittances directly from debtors to creditors.

### DECISION.

The taxpayer was a personal service corporation during the calendar year 1918. The deficiency of $906.69, determined by the Commissioner, is disallowed.

OPINION.

LANSDON: Section 200 of the Revenue Act of 1918, applicable to this appeal through the retroactive provisions of the law, defines the term " personal service corporation " as follows:

The term " personal service corporation " means a corporation whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor. * * *

It is necessary to consider, so far as the year 1918 is concerned, only—

1. Whether the income of the taxpayer is to be ascribed primarily to the activities of its principal owners or stockholders.

2. Whether such owners or stockholders were regularly engaged in the active conduct of the affairs of the corporation; and

3. Whether the taxpayer was one in which capital, whether invested or borrowed, was a material income-producing factor.

From the findings of fact it appears the total gross income of the corporation resulted from fees and commissions charged for the direct personal service of stockholders of the corporation or for clerical services rendered by employees directly under the supervision of such stockholders; that two of the stockholders devoted practically their entire time to the affairs of the taxpayer; and that the remaining three stockholders were regularly active in the business to which they devoted a substantial part of their time. It also appears that the taxpayer's total paid-in capital was only $1,000, which was invested in office equipment, and that the paid-in capital was never at any time supplemented by borrowed funds.

It is the opinion of the Board that this taxpayer meets all the requirements of the definition of a personal service corporation. Its income is primarily due to the activities of its principal owners and stockholders; all the stockholders were regularly engaged in the active conduct of the affairs of the corporation; and invested capital was not a material income-producing factor.